# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHEAL ROWSER.,**
        **Plaintiff,**

    v.                                                 **Case No. 05-C-0274**

**ALLIANT FOODSERVICE, INC.,**
        **Defendant.**

## DECISION AND ORDER

      On March 13, 2005 plaintiff Micheal Rowser filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., against defendant, Alliant Foodservice, Inc., alleging that defendant discriminated against him on the basis of his race when it terminated him on November 12, 2001. Plaintiff served defendant with the summons and complaint at its Menomonee Falls warehouse/delivery facility on July 8, 2005, making defendant's answer due July 28, 2005. Defendant failed to answer and on August 11, 2005, plaintiff requested that the clerk enter default, which the clerk entered on August 15, 2005. Four days after the clerk's entry of default, defendant filed the instant motion pursuant to Fed. R. Civ. P. 55(c) and 60(b) requesting that I set aside the clerk's entry of default and allow it to answer plaintiff's complaint. For the reasons set forth below, I grant defendant's motion.

      First, I note that as default judgment was not entered, it was only necessary for defendant to bring a motion pursuant to Fed. R. Civ. P. 55(c). Rule 55(c) allows me to set aside an entry of default for "good cause shown." To succeed in the vacation of a default order under Rule 55(c), the defendant must show "(1) good cause for [its] default; (2) quick

action to correct it; and (3) a meritorious defense to the plaintiff's complaint." O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1401 (7th Cir. 1993) (citing United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir.1989)). There is a strong policy favoring adjudication of cases on their merits over default judgment. See Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir.1995). Moreover, courts impose a less stringent standard on parties attempting to set aside an entry of default, as opposed to a default judgment. See O'Brien, 998 F.2d at 1401.

I conclude that defendant has made a sufficient showing under the above factors to warrant relief under Fed. R. Civ. P. 55(c). First, defendant has demonstrated good cause. O'Brien, 998 F.2d at 1401. Although the Seventh Circuit has not explicitly defined good cause, the wilfulness of defendant's actions is often a determining factor. See Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.,856 F.2d 873, 879 (7th Cir. 1988). Here, plaintiff previously has filed several administrative actions as well as a lawsuit against defendant, all arising out of his November 12, 2001 termination. Although defendant was represented by the same counsel in the prior lawsuit, plaintiff did not contact defendant or defendant's counsel to inquire as to whether they would waive service, or serve defendant's registered agent. Rather, plaintiff served defendant at one of its warehouse facilities almost four months after he originally filed the complaint. Although a warehouse employee attempted to fax the complaint to a regional manager, the fax was improperly sent and thus the complaint was never forwarded to the appropriate parties. This behavior, coupled with defendant's previous conduct with plaintiff, does not indicate that defendant was attempting to ignore the complaint or purposely failed to answer.

Next, defendant acted immediately to correct the default. O'Brien, 998 F.2d at 1401. Within four days of discovering the clerk's entry of default, defendant filed the present motion. It also cured its default by filing an answer to plaintiff's complaint along with said motion.

Finally, defendant avers that it has a meritorious defense to plaintiff's allegations of race discrimination. Id. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." Bieganek v. Taylor, 801 F.2d 879, 882 (7th Cir.1986). Plaintiff asserts that he was terminated from his position with defendant on the basis of his race. Defendant contends that plaintiff was terminated following reports that he willfully damaged a customer's property, and not for a reason prohibited by law. This would satisfy defendant's burden of setting forth a legitimate non-discriminatory reason for its actions, assuming plaintiff meets its prima facie case under Title VII. See Wernsing v. Dep't of Human Servs., 427 F.3d 466, 469 (7th Cir. 2005). Although plaintiff contends that defendant's reason is merely a pretext, he may make such argument in a motion on the merits.

     **THEREFORE IT IS ORDERED** that defendant's motion to set aside the clerk's August 15, 2005 entry of default is **GRANTED**.

     **IT IS FURTHER ORDERED** that defendant's request for leave to file its answer is **GRANTED**.

     **FINALLY IT IS ORDERED** that a telephonic Fed. R. Civ. P. 16(b) scheduling conference will be held on **January 5, 2006 at 3:00 p.m.** The court will initiate the call. The participation of the attorney who will be handling the case is required.

The parties should note Fed. R. Civ. P. 26(f), which requires that they confer with each other at least 21 days before the Rule 16(b) scheduling conference and file a written report of their proposed discovery plan within 14 days after their Rule 26(f) conference. The first paragraph of the joint Rule 26(f) report should state the date and time given above for the Rule 16(b) scheduling conference. The parties should also note Rule 26(a)(1), which requires (unless they agree otherwise) that they make their initial disclosures to each other within 14 days after their Rule 26(f) conference.

Dated at Milwaukee, Wisconsin this 29 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge