# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**MICHEAL ROWSER,**
        **Plaintiff,**

    v.                                                                 Case No. 05-C-0274

**ALLIANT FOODSERVICE, INC.,**
        **Defendant.**

## ORDER

Pursuant to a stipulation, the parties filed a motion requesting that I enter an order approving their confidentiality agreement. A review of the proposed confidentiality agreement reveals that the parties did not address the confidentiality of documents filed with the court. While parties are free to keep matters confidential among themselves, I am required to make an independent determination of the necessity of confidentiality for documents filed with the court. <u>Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 945 (7th Cir. 1999). Thus, I will approve the proposed confidentiality agreement by adding the caveat that <u>no document filed with the court will be kept confidential unless there is good cause</u>.

On December 12, 2006, plaintiff filed a brief in opposition to defendant's motion for summary judgment, accompanied by two sealed exhibits. Plaintiff filed neither a motion to seal the documents, nor an accompanying affidavit evincing the required good cause. I ordered plaintiff to file documents exhibiting the required good cause. As good cause, plaintiff refers to the confidentiality agreement and additionally asserts that the sealed documents are employment records of persons not party to the present litigation.

Reference to the confidentiality agreement itself is insufficient to support a finding of good cause. Further,

> [w]hile it is not uncommon for courts to protect employee disciplinary records and reasons for termination or separation under the right circumstances, protecting employees' names, addresses, employment dates, and last-known contact information . . . is unusual. The parties are required to show that each item of information falls within a legitimate category of confidentiality.

Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 n.1 (S.D. Ind. 2002) . Plaintiff has failed to demonstrate why the employment records are confidential in their entirety.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that the parties motion to approve the proposed confidentiality agreement is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff either submit good cause to seal the employment records or remove the records no later than **March 16, 2007**, or I will order the records unsealed.

Dated at Milwaukee, Wisconsin, this 26 day of February, 2007.

/s\
LYNN ADELMAN\
District Judge

2

Case 2:05-cv-00274-LA   Filed 02/26/07   Page 2 of 2   Document 65